on behalf of Mr. Perez-Villanueva. Your honors, San Juan Cruz holds that it is unfair to require a suspect in a criminal, in a custodial interrogation to sort out among various competing admonitions that are provided by his interrogators. That's precisely what the district court required Mr. Perez-Villanueva to do in this case. He's initially given a set of administrative warnings that don't involve the right to appointed counsel, and three hours later he's taken to an interrogation room where he's told that those previous rights are no longer valid. He's then told that he has a right to contact his consulate, and then as soon as he asserts that right, he's told that he cannot have that right then, it has to occur sometime in the future after the interview. Then, without any sort of attempt to draw a distinction between the consular rights and the Miranda rights, the agent is to proceed through to the Miranda warning at that point, and then they secure a waiver and ask, and also incriminating statements from Mr. Perez-Villanueva. You don't have any problems with the waiver itself? Well, that's challenged in the briefs, that the waiver is not knowing and voluntary, but I, this morning I want to focus... No, I understand, but I meant with what he was, the content of the waiver. The content, we have not challenged the content of the waiver, of the warnings in this. I thought it was pretty clear that he, that the, what he was told was that he could have an attorney now, and, I mean, by its terms, and that before any questioning, that he could stop the questioning at any time and talk to a lawyer, right? Well, it's actually not as clear as all that. On the way up in the train this morning, I was reading Florida v. Powell, and in that case, they actually said you had the right to terminate during this interrogation. They don't say that here. They actually say something to the effect that you can remain, you always have your right to stop answering whenever you wish. Well, he has his right to visit his consulate, too, but he can't do it when he wants to. So, it's not as... Well, he says whenever you wish, whereas he was told in the consulate he can't have right to remain silent. Right, but I think the point is here, though, under San Juan Cruz, if it's susceptible to equivocation, then the warning is no good. So, if you take the combination of, okay, you have this right, and, you know, it's a declarative statement. You have the right to speak with a representative from your country's consulate, but you can't exercise that now. And then he's also told you have the right to remain silent in similar language, and who knows whether he can exercise that right now or not. I liken it to, like, when I was a kid, those Lucy cartoons where Lucy holds the football and Charlie Brown runs up, and as soon as he wants to kick it, they take it away. Well, when we read the next cartoon, we all think that Lucy's going to take the ball away, and, in fact, she always does. Well, this guy, you know, he wanted to run up and kick the football. He said, I want to talk to my consulate, and they pulled the ball away. So, why would he think that that's not going to happen later? And I think that's where San Juan Cruz comes in. Even if the warning itself is valid, the onus, and that's the language from San Juan Cruz, the onus is on the government to clarify. They need to be very specific here. They need to say, look, this is different than your consular right that you can't exercise until some time in the future. This you get to exercise right now during this very interrogation. This is a different set of rights, but they never did that. He says here, if you decide to answer our questions now without having an attorney present, you will always have the right to stop answering whenever you wish. You also will also have the right to stop answering whenever you wish until you can speak with an attorney. I don't know how you can be clearer than that. Well, you could be clearer if you said during this interrogation. And the point is, is that once this guy has tried to assert a right and then was told that he couldn't do it, he has no reason to believe that these other rights are actually going to be available at this particular interrogation. You're arguing this is a question of law and not fact. Yes, I am. Are you saying that he, in fact, was confused or showed any verbal or nonverbal evidence of being confused or not understanding? Not as to this specific issue, no, Your Honor. But the point is, is that under San Juan Cruz, when you're evaluating the legal effectiveness of Miranda warning, you have to take into account other admonitions that were given. And this fellow was actually given three separate admonitions. You know, he was given the initial administrative rights, and he's told without really any further explanation that those rights are no longer valid. Then he's told he has this consular right. And then he's told he has Miranda rights. In between the consular right and the Miranda right, there's no, you know, stopping and saying, okay, here's a different set of rights. These are the ones that you can exercise today in this very room during this very interrogation. They don't do that. Now, I think Judge Kaczynski's point is well taken about what the language says. And I exercise his consular rights today that I wouldn't have an argument. But because they created the ambiguity, San Juan Cruz puts the burden on them to explain it. So they needed a few extra statements here. They needed to differentiate between the consular rights and the Miranda rights. Counsel, did the consular rights differ in what he was told or conflict with the Miranda rights that he was given in any way? No. We don't have a direct conflict like there was in San Juan Cruz where they say on the one hand you have to pay if you're a lawyer. On the other hand, you don't. But the point is the ability to exercise the right. They didn't say anything further about consular rights. But basically, they presented these as a bundle of rights. And if one of them can't be exercised today, then it's a reasonable inference that the rest of them can't be exercised today. Maybe there's some other proceeding in the future where he's going to be asked questions where he can then exercise his right to remain silent and he can then exercise his right to counsel. But they need to explain that to him. They need to explain that it's today as opposed to your consular right, which we told you without any sort of qualification. Now, just for background, so once they determined that he had a prior deportation, is it a matter of law that he doesn't have the right to speak to the consulate at that time? The way that there was the Lumbera case that said that it was not an absolute prerequisite to interrogation that you give the consular warnings. But he still has his right to contact the consulate. That's still an existing right. I mean, actually, if you look at the translation at the very end, I think it's on page 79 of the ER, it says you have the right to contact your consulate or your lawyer at any time. And there's no explanation of the difference between that right and the subsequent right where apparently it's not at any time, it's sometime after the interrogation. But the bottom line is, you know, this is a guy, he's in a room, he watches a video, his arms are folded, he's up against the corner, he asserts a right and he's told he can't do it. Once you do that, it seems to me that there needs to be some sort of additional explanation. And San Juan Cruz seems to require it in order to secure a valid Miranda waiver and a valid warning. If Your Honor is not having further questions, I may reserve the remainder.  Thank you, Your Honors. Judge Manahan of the United States, may it please the Court. The parties are in agreement that the actual Miranda rights given to Mr. Perez were the standard rights. So the key question for this Court is whether the conversation that occurred immediately preceding those Miranda rights, when viewed in totality with the Miranda rights, led those rights to be equivocal, ambiguous, or affirmatively misleading under Conow and San Juan Cruz. And the answer is no, because unlike in those cases, there is no contradiction between the consular rights and the four Miranda rights. The right to remain silent, the right to know that your statements can be used against you, the right to an attorney for enduring questioning, and the right to a free attorney if you can't afford one. There simply is no confusion, and so the San Juan Cruz holding is just not applicable. Well, he testified in his declaration that he was confused, and he does only have a sixth grade education, and I'm not sure. How would you, without having a legal education, understand that you have three distinct sets of rights that are going on at the same time? Well, first of all, the fact that he put in his declaration that he was confused is not relevant to the adequacy prong of looking at the Miranda rights. It would be It would be knowing involuntarily. Whether it's knowing involuntarily. And when you get to that point of the argument, the district court found that Mr. Perez's self-serving declaration was completely contradicted by the evidence before it, the video and the transcription and translation. And those factual findings are reviewed for clear error, and I don't think the court is going to find that clear error here. But regarding the fact that he was given three sets of warnings, one was given three hours beforehand, and then the Which one was that? That's the administrative rights, which basically mimic the Miranda rights, except that you're not entitled to a free attorney. You can only have an attorney at your own expense. So you're saying that's the INS rights? Yes, another term for it, yes. Immigration rights. Absolutely. Okay. The agents did exactly what San Juan Cruz requires them to do with regards to the fact that he was previously given those INS rights. They said, the rights you signed previously were administrative rights. They are no longer valid. You no longer have the right to return to your country voluntarily. From here on, your case is going to be processed criminally. So they did exactly what San Juan Cruz requires them to do, which was to distinguish the fact that the rights of an attorney at your own expense no longer applies. And then they clearly tell him that you now have the right to an attorney at the government's expense if you can't afford one. Given that the Miranda warnings were not affirmatively misleading, equivocal, and ambiguous, they were adequate. We have the exact transcript of them. Moving then to the knowing involuntarily, the law is clear that once you give a good Miranda warning, the idea that you're going to then find that they weren't knowing is a pretty rare circumstance. And they just don't have it here. Mr. Perez was given the rights in his own language by a fluent speaker. We have it recorded. He was given written rights. He signed those rights. And it appears that the defendant is abandoning the psychological coercion argument. So unless there are further questions, I'll let him rest. Thank you very much. Thank you. Thank you. Judge Wardlaw, sir. Thank you, Your Honor. Just very briefly, following up on Judge Wardlaw's question, he did say that he didn't understand. But the point is that the San Juan Cruz test is that the warnings have to be adequate so that an, quote, unlettered and unlearned person can understand them. So if there's a concern that people would have a difficult time differentiating between these various rights, then that is precisely the concern that San Juan Cruz is directed at. Now, with respect to the administrative warnings, I don't think there was any intent to mislead, but they don't actually fully mimic the Miranda warnings because there's no right to remain silent in immigration court, as there is. So that was one that wouldn't have been provided before. And then finally, with respect to the requirement that, the government's contention that they met the requirement to explain under San Juan Cruz, I mean, there are really two times they're One is after the administrative warnings. And basically, all they said was these rights are no longer valid. And nothing more, and then they said something about his inability to get a voluntary return. But what should, what, what would you have the agent say to make it more clear? Well, there are a number of things. San Juan Cruz itself says that you could tell the person to disregard the previous rights, to ignore them, and so on and so forth. To say that they're no longer valid actually sounds like, you know, this whole idea that you can consult with your consulate, you can consult with your lawyer that was provided to you earlier is no longer valid, meaning you don't have those rights anymore. So I think that is, is ambiguous in and of itself. But the other time they needed to explain is once he asserted his right to the consulate and then he was denied that right. They needed at that point under San Juan Cruz to provide an explanation that the next set of rights would be different, so that an unlettered and unlearned person could draw the distinction between the two sets of rights. They didn't do that here, and that's why the, the warning is invalid. If you guys have any further questions, I'll submit. Okay, thank you. The patient's argument will stand submitted for the next year argument in United States v. Nance.
judges: Singleton, Kozinski, Wardlaw